UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MARCUS WASHINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CV-46-TAV-DCP |
| OFFICER THORNTON, and STATE OF TENNESSEE, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court is in receipt of a pro se prisoner's Complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a Motion for Leave to Proceed in Forma Pauperis [Doc. 7].

It appears from the Motion for Leave to Proceed in Forma Pauperis [Doc. 7] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 7**] be **GRANTED**. The Court further **RECOMMENDS** that the allegations in the Complaint **[Doc. 1]** made against the State of Tennessee and all Defendants in their official capacity be dismissed but that the allegations against Officer Thornton in his individual capacity proceed beyond the initial screening phase.

I. **FILING FEE**

Plaintiff has filed an Application to Proceed in Forma Pauperis ("Application"), with the required detailing of his financial condition. [Doc. 7]. The Application demonstrates that Plaintiff is unable to pay such fees. The Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 7**] be **GRANTED**, but because Plaintiff is an inmate at the Laurel County Correctional Center, the Court further **RECOMMENDS** that he be assessed the civil filing fee of $350. *See* 28 U.S.C. §

1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

## II. COMPLAINT SCREENING

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). With the above authority in mind, the Court turns to the present matter.

The Court has screened the Complaint and recommends that the State of Tennessee be dismissed and that all claims brought in Defendants' official capacities also be dismissed. In his Complaint, Plaintiff alleges violations of 42 U.S.C. § 1983, stating that he was mandated as part of his guilty plea in his federal criminal case to register as a sex offender.[1] Plaintiff has named two Defendants in the caption of his Complaint: (1) Officer Thornton, who is employed by

---

[1] Plaintiff states in his Complaint he was required to register as a sex offender as part of his plea agreement. *See* [Doc. 1 at 2].

Knoxville Police Department and supervises Plaintiff, and (2) the State of Tennessee, which Plaintiff states includes all supervisors over Officer Thornton, including the Tennessee Governor, and all direct and indirect legislators of Tennessee's Sex Offender Registry Act, ("TSOR").[2]

Specifically, Plaintiff states that there are two limitations contained in TSOR that have limited his liberties. Plaintiff alleges that he no longer has the liberty to choose where he works or lives. Plaintiff explains he was released from federal prison in March 2020, and his probation officer told him that he could not stay at his family home, and if he stayed there, he would be arrested. Plaintiff states Officer Thornton told him he could not live or work anywhere that is within 1,000 feet of a school, daycare, park, or trail open to the public. Plaintiff alleges Officer Thornton enforced this law, with the help of federal supervisor N. Dongarra, by threatening Plaintiff with immediate arrest.

Plaintiff alleges Defendants have willfully misinterpreted Tenn. Code Ann. § 40-39-211. Plaintiff states Defendants falsely claim the opening clause of § 40-39-211 mandates compliance with the sex offender registry. Plaintiff argues the correct interpretation is that sex offenders are only mandated to comply with Tenn. Code Ann. § 40-39-211 if their plea agreement, judgment, or sentencing courts required such compliance. In support of his position, Plaintiff alleges the word, "if" in the first sentence of the first subsection of § 40-39-211 supports his interpretation that he is not required to follow § 211.[3] In addition, Plaintiff states Tenn. Code Ann. § 40-39-203, which lists the requirements for registration, does not mention Tenn. Code Ann. § 40-39-211. Plaintiff further states compliance in his situation is unreasonable and constitutes an extreme loss

---

[2] The statute is titled, "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004." Tenn. Code Ann. § 30-39-201.

[3] Upon reviewing Tenn. Code. Ann. § 40-39-211, the Court notes that the word "if" does not appear in the first sentence of the first subsection as Plaintiff purports.

3

of liberties because Tenn. Code Ann. § 40-39-211 provides protections for minors, but he was not convicted of harming any minors.[4]

In his lawsuit, Plaintiff seeks actual and punitive damages. Specifically, with respect to actual damages, he demands the rent money he was required to pay because he had to find residences that complied with Tenn. Code Ann. § 40-39-211, in addition to the lost wages he sustained with having to comply with the statute. Plaintiff alleges his actual damages total $25,080.00.

As an initial matter, "Plaintiff's Section 1983 claims against the State of Tennessee must be dismissed due to sovereign immunity." *Newsome v. Lee*, No. 3:21-CV-00041, 2021 WL 1697039, at *4 (M.D. Tenn. Apr. 29, 2021). While there are certain exceptions that are not applicable here, "the State of Tennessee generally has sovereign immunity from suit in federal court." *Id.* at *4 (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). Accordingly, the State of Tennessee must be dismissed without prejudice due to lack of jurisdiction. *See id.* (dismissing plaintiff's § 1983 sex offender registry act challenge against the State of Tennessee for lack of jurisdiction).

With respect to Plaintiff's inclusion of the Tennessee Governor and all other indirect and direct legislators, the Court also recommends dismissal of these parties. First, it is not clear whether Plaintiff sues these parties in their official capacity, individual capacity, or both. In any event, however, with respect to any individual capacity claims, Plaintiff does not sufficiently allege

---

[4] "[T]he Act has been repeatedly revised to increase its restrictions and requirements and to make more information about registered offenders publicly available." *Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1170 (M.D. Tenn. 2021) (noting history of Act, including that 2014 Tenn. Pub. Acts, ch. 992, § 1 further revised the Act to prohibit registrants, *regardless of age of victim*, from living or working within 1,000 feet of a school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public) (emphasis added).

4

these parties were personally involved in violating Plaintiff's constitutional rights. Plaintiff alleges respondeat superior liability in a conclusory manner, but he does not allege the Governor or legislators "personally participated in the development or implementation of SORA, the placement of Plaintiff on the SOR, the enforcement of SORA against Plaintiff, . . ." or that they "personally encouraged others to engage in unconstitutional behavior against Plaintiff." *Id.*[5] The simple fact that others hold "attenuated supervisory positions of those charged with implementing SORA is insufficient to plausibly suggest that either is individually liable under Section 1983." *Id.*; *see also Brown v. Lee*, No. 3:20-CV-00916, 2020 WL 7864252, at *5 (M.D. Tenn. Dec. 30, 2020) ("That [the Governor] or [the Director of the Tennessee Bureau of Investigation] hold attenuated supervisory positions over those charged with implementing SORA is insufficient to plausibly allege a claim for individual liability."). Finally, with respect to any official capacity claim against any of the named Defendants for money damages, such claims "must be dismissed for lack of subject-matter jurisdiction." *Newsome*, 2021 WL 1697039, at *5.

The Court has screened the remainder of the Complaint and recommends that the allegations against Officer Thornton in his individual capacity should proceed beyond the initial screening. "Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws." *Newsome v. Lee*, No. 3:21-cv-00041, 2021 WL 1697039, at *3 (M.D. Tenn. Apr. 29, 2021) (citing *Wurselbacher v. Jones-Kelly*, 675 F.3d 580, 583 (6th Cir. 2012). Plaintiff states that he was deprived of his "constitutional right of – (1) [l]iberty to choose his residence without

---

[5] As one court recently explained, "'SORA' stands for 'Sex Offender Registration Act,' an acronym often used to refer to many states' acts, including Tennessee's—even though that is not actually the present name for the Act." *Brown v. Lee*, No. 3:20-CV-00916, 2020 WL 7864252, at *3 (M.D. Tenn. Dec. 30, 2020).

unlawful restriction by force [and] (2) [l]iberty to choose his employment without unlawful restriction by force" based on "the unlawful statutory interpretation of TN Sex Offender law ending in -211." [Doc. 1 at 1].[6] Plaintiff alleges that Officer Thorton enforced the geographic residence and work restrictions daily and threatened him with arrest. [*Id.* at 3]. Plaintiff states that his underlying conviction did not involve a minor and that forcing all sex offenders whose crimes did not involve minors to adhere to Tenn. Code Ann. § 40-39-211 is illegal and violates the Constitution. [*Id.* at 6]. While rendering no opinion as to the merits of Plaintiff's allegations, the Court construes these allegations broadly in favor of Plaintiff and finds that he has stated a plausible claim that should proceed beyond initial screening.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed in Forma Pauperis [**Doc. 7**] is well taken, and the Court **RECOMMENDS** that it be **GRANTED**.[7] Because Plaintiff is a

---

[6] While Plaintiff claims the alleged unlawful statutory interpretation by Officer Thorton violated his "Fourth Amendment Rights to possess the [l]iberty of choosing where he resided in Tennessee and where he could work in Tennessee," the Court notes the recent decisions of the Middle District of Tennessee holding that a plaintiff's substantive due process claim under the Fourteenth Amendment is inadequately pled for the failure to allege that the TSOR "burdens a fundamental right and cannot withstand strict scrutiny[,]" *Beydoun v. Sessions*, 871 F.3d 459, 467 (6th Cir. 2017), where the plaintiff merely alleges that he has been denied employment opportunities or housing. *See Newsome*, 2021 WL 1697039 at *6 ("Plaintiff alleges that he has – on an unknown number of occasions – been denied employment and housing due to SOR-registrant status. While Plaintiff no doubt keenly felt these denials, they do not implicate a fundamental right that triggers strict scrutiny.") (citing *Doe v. Miller*, 405 F.3d 700, 714 (8th Cir. 2005)); *Brown*, 2020 WL 7864252 at *7 (citing *Burns v. Helper*, No. 3:18-CV-01231, 2019 WL 5987707 (M.D. Tenn. Oct. 24, 2019) (collecting cases and concluding substantive due process claim to be implausible where SORA registrant alleged only residency restrictions and difficulty obtaining employment), *report and recommendation adopted by*, 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019); *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *16 (M.D. Tenn. Nov. 9, 2017) (collecting cases and explaining that there is no fundamental right to private employment).

[7] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that

6

prisoner, however, the Court further **RECOMMENDS** that he be assessed the civil filing fee of $350.00. No process shall issue until the District Judge has ruled upon this Report and Recommendation because the undersigned **RECOMMENDS**[8] the allegations in the Complaint **[Doc. 1]** made against the State of Tennessee and all Defendants in their official capacity be **DISMISSED** but the allegations against Officer Thornton in his individual capacity proceed beyond the initial screening phase.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[8] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).