UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARCUS WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 3:21-CV-46-TAV-DCP |
| | ) |
| OFFICER THORNTON and | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge Debra C. Poplin on January 26, 2022 [Doc. 11]. In the R&R, Judge Poplin recommends that the Court grant plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] but for the Court to assess plaintiff the civil filing fee of $350.00 [Doc. 11]. Additionally, after screening the complaint, Judge Poplin recommends that the Court dismiss all of plaintiff's claims except those against Officer Thornton in his individual capacity [*Id.*]. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

After a careful review of the matter, the Court agrees with Judge Poplin's recommendations, which the Court adopts and incorporates into its ruling. As such, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 11]. Therefore, it is hereby **ORDERED** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* [Doc. 7] is **GRANTED**.

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00.

3. The custodian of plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, in the following manner:

    - As an initial partial payment, the custodian shall submit the greater of: (1) 20% of the average monthly deposits to plaintiff's inmate trust account; or (2) 20% of the average monthly balance of plaintiff's inmate trust account for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1).

    - Thereafter, the custodian shall submit 20% of plaintiff's preceding monthly income (or income credited to plaintiff's inmate trust account for the preceding month) but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. *See* 28 U.S.C. §§ 1914(a), 1915(b)(2).

4. The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where plaintiff is now confined and to the Attorney General for the State of Kentucky and is **FURTHER DIRECTED** to furnish a copy of this order to the Court's financial deputy.

5. Pursuant to 28 U.S.C. § 1915(e)(2), all of plaintiff's claims against all defendants are hereby **DISMISSED** with the exception of plaintiff's § 1983 claim against Officer Thornton in his individual capacity. Thus, the State of Tennessee is hereby **DISMISSED** from this action, and this action will only proceed against Officer Thornton as described.

6. The Clerk is **DIRECTED** to send plaintiff a service packet (a blank summons and USM 285 form) for Officer Thornton. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's office **within 20 days** of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. *See* Fed. R. Civ. P. 4.

7. Service shall be made on Officer Thornton pursuant to Federal Rule of Civil Procedure 4(e).

8. Plaintiff is **FOREWARNED** that if he does not timely return the completed service packet or otherwise fails to timely comply with this order, the Court **will dismiss** this action for failure to prosecute and follow the Court's orders.

9. Officer Thornton shall answer or otherwise respond to the complaint **within 21 days** from the date of service. If Officer Thornton fails to timely respond to the complaint, entry of default and subsequent entry of default judgment may occur.

10. Plaintiff is **ORDERED** to immediately inform the Court and Officer Thornton or his counsel of any address changes in writing. Pursuant to Eastern District of Tennessee Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and other parties of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. Failure to provide a correct address to this Court **within 14 days** of any change in address may result in the dismissal of this action.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE