UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MARCUS WASHINGTON,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )        No.:   3:21-CV-46-TAV-DCP
                                  )
OFFICER THORNTON,                 )
                                  )
            Defendant.            )

## <u>MEMORANDUM OPINION</u>

Before the Court is defendant's Second Motion to Dismiss [Doc. 39]. Defendant moves the Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity. Plaintiff has not responded, and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, defendant's motion [Doc. 39] will be **GRANTED**, and this case will be **DISMISSED**. All pending motions [Doc. 41] will be **DENIED as moot**.

I.   **Background**[1]

This case concerns a dispute over the constitutionality of Tenn. Code Ann. § 40-39-211 as applied to plaintiff and others [Doc. 1]. Plaintiff's *pro se* complaint is, respectfully, difficult for the Court to comprehend. As the Court reads the complaint, plaintiff states that he was arrested for the promotion of prostitution [*Id.* at 3]. After "fighting" the case for three years, plaintiff asserts that he signed a plea agreement for "an

---

[1] For purposes of this opinion, the Court accepts all factual allegations in plaintiff's complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

extremely uncommon lesser charge and lesser sentence of [10] years with credit for almost seven [] years" [*Id.*]. Plaintiff states that after winning two federal motions, he was granted an immediate release from federal prison, and the Bureau of Prisons flew him to his mother's residence [*Id.*].

While visiting his mother, plaintiff contends that he was called by a supervisor with the Federal Probation Office who stated that due to Tennessee law and the Tennessee Sex Offender Registration Office, he was now homeless and could not stay at his family's home [*Id.*]. Plaintiff states that if he stayed, he was threatened to be forcefully arrested or deprived of his liberty [*Id.*]. Plaintiff explains that he was interviewed by defendant and was told that he could not live nor work anywhere that is within 1000 feet of a school, daycare, park, or trail open to the public [*Id.*]. Plaintiff contends that defendant and a federal supervisor "enforced the law . . . daily [] with threats of immediate arrest, including calling all possible employers and places of temporary residence" [*Id.*].

Plaintiff filed this action on December 2, 2020 [Doc. 1]. Plaintiff asserts a claim against defendant for willful negligence of the right to liberty pursuant to 42 U.S.C. § 1983 [*Id.* at 1]. In ruling on defendant's first motion to dismiss [Doc. 27], the Court dismissed plaintiff's claims that defendant unlawfully interpreted and enforced Tenn. Code Ann. § 40-39-211 against plaintiff [Doc. 32].

However, the Court did not dismiss plaintiff's constitutional challenges to § 40-39-211 [*Id.*]. Specifically, plaintiff argues that application of the statute as to him

caused a deprivation of his constitutional right of "liberty to choose his residence without unlawful restriction by force" and "liberty to choose his employment without unlawful restriction by force" [Doc. 1, p. 1]. He asserts that he has a "Fourth Amendment [r]ight[] to possess the [l]iberty of choosing where he resided in Tennessee and where he could work in Tennessee" [*Id.* at 6]. The Court previously adopted the Report and Recommendation ("R&R") entered in this case by United States Magistrate Judge Debra C. Poplin, in which she interpreted plaintiff's argument to be a challenge to his substantive due process rights under the Fourteenth Amendment [Doc. 11, p. 6 n.6]. In addition, plaintiff challenges § 40-39-211 in its application to him and others, arguing that enforcing the statute against him and others whose crimes did not involve minors is illegal and violates the Constitution [Doc. 1, pp. 5–6]. Because defendant failed to address these additional arguments in his first motion to dismiss, the Court did not dismiss the complaint on these grounds [Doc. 32].

In his second motion to dismiss, defendant argues that plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity [Doc. 39]. Specifically, defendant contends that he is entitled to qualified immunity because plaintiff has not demonstrated that defendant violated a clearly established constitutional right of plaintiff [Doc. 40, pp. 2, 4–7].

Plaintiff did not respond to defendant's second motion to dismiss, and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a). Under this Court's local rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court notes that in addition to failing to timely respond,

plaintiff also failed to respond to the Court's show cause order entered on April 5, 2023, giving plaintiff 10 days to show cause why defendant's motion should not be granted as unopposed [Doc. 44].

The Court further notes that service of the show cause order was attempted on plaintiff but was returned as undeliverable [Doc. 45]. Plaintiff was placed on notice that it is his duty to notify the Court of any change of address, and "failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action" [Doc. 3]. The notice also cautioned that "[p]arties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and the[] [local] rules" [*Id.*].

However, the Sixth Circuit has held that, in the context of a motion to dismiss, a moving party must meet its initial burden under the Federal Rules, even if an adverse party fails to respond. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, despite plaintiff's failure to respond, the Court will analyze whether defendant has met his burden under Rule 12(b)(6).

## II.    Standard of Review

Rule 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, a complaint filed in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

4

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555. "'[A] formulaic recitation of the elements of a cause of action will not do'"; nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation"; nor will "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] be a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[], accept all well-pled factual allegations as true, and determine whether plaintiff[] undoubtedly can prove no set of facts in support of those allegations that would entitle [him] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

5

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    Analysis

Plaintiff brings his claim against defendant pursuant to 42 U.S.C. § 1983. In order to state a claim for relief under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010).

Defendant argues in his motion [Docs. 39, 40] that plaintiff's complaint fails to state a claim upon which the Court could grant relief and is subject to dismissal under Rule 12(b)(6). Specifically, defendant asserts that he is entitled to qualified immunity from plaintiff's § 1983 claim.

"Public officials [] are eligible for qualified immunity if (1) they did not violate any constitutional guarantees or (2) the guarantee, even if violated, was not clearly established at the time of the alleged misconduct." *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437,

6

440 (6th Cir. 2016) (internal quotation marks omitted). The Court has the discretion to determine which of the two prongs should be addressed first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, defendant challenges the second prong of this test by arguing that even if he has violated plaintiff's constitutional rights, plaintiff cannot demonstrate that the constitutional right was so clearly established that case law at the time of the alleged violation placed the statutory or constitutional question beyond debate [Doc. 40, p. 6].

"[T]he Supreme Court has instructed that the district courts are 'not to define clearly established law at a high level of generality, . . . since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'" *New Century Found. v. Robertson*, 400 F. Supp. 3d 684, 703 (M.D. Tenn. 2019) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). Specifically, the Supreme Court has stated:

> A Government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would [have understood] that what he is doing violates that right." We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, the Court has not been presented with any case law holding that application of Tenn. Code Ann. § 40-39-211 deprives offenders of a constitutional right to choose

7

where they live or work. To the contrary, courts have found that the employment and residency restrictions of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201 to -218 ("SORA") survive rational basis review under the substantive due process clause. *See Newsome v. Lee*, No. 3:21-cv-00041, 2021 WL 1697039, at *7 (M.D. Tenn. Apr. 29, 2021); *Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252, at *7 (M.D. Tenn. Dec. 30, 2020); *Burns v. Helper*, No. 3:18-cv-01231, 2019 WL 5987707, at *7 (M.D. Tenn. Oct. 24, 2019). Similarly, the Court has not been presented with any case law holding that application of § 40-39-211 to those offenders whose crimes did not involve minors violates the Constitution. *Cf. Burns*, 2019 WL 5987707, at *8 (citing *Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007)) (finding that "sex offenders are not a suspect class" and that there is a rational basis for treating sex offenders differently from other offenders).

The Court notes that "[p]laintiff bears the burden of showing that defendant[] [is] not entitled to qualified immunity." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). In the absence of a response from plaintiff, and in the absence of existing precedent clearly establishing the constitutional guarantees of which plaintiff alleges defendant violated, plaintiff has not met his burden as to the second prong of qualified immunity. Thus, defendant is entitled to qualified immunity from plaintiff's claim. *See T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) ("If the plaintiff fails to establish either element, the defendant is immune from suit.").

8

**IV.    Conclusion**

For the reasons explained above, defendant's Second Motion to Dismiss [Doc. 39]

will be **GRANTED**, and this case will be **DISMISSED**.  All pending motions [Doc. 41]

will be **DENIED as moot**.[2]

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2]  The Court previously allowed the Tennessee Attorney General and Reporter to intervene in this action on behalf of the State of Tennessee to defend the constitutionality of Tenn. Code Ann. § 40-39-211 [Doc. 38].  Subsequently, the State of Tennessee filed a motion to dismiss, arguing that the statute is constitutional [Doc. 41].  Because the Court disposes of this case based on defendant's motion [Doc. 39], the Court finds it unnecessary to address the State of Tennessee's motion.  *See Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984) (declining to decide a constitutional question where there was some other ground to dispose of the case).